# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **Chapter 7** |
| | : | |
| **LEN POLICHUK a/k/a LEONID POLICHUK,** | : | **Bky. No. 08-10783ELF** |
| | : | |
| Debtor(s). | : | |
| | : | |
| **BONNIE FINKEL, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF LEONARD POLICHUK,** | : | |
| | : | |
| Plaintiff(s), | : | **Adv. No. 10-0031ELF** |
| | : | |
| v. | : | |
| | : | |
| **LEN POLICHUK, a/k/a LEONID POLICHUK, et. al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

# O R D E R

**AND NOW**, Plaintiff Bonnie Finkel, Chapter 7 Trustee ("the Trustee") having filed a complaint ("the Complaint") on January 29, 2010 against various defendants, including Len Polichuk ("the Debtor") and certain other individuals and business entities, (Doc. #1);

**AND**, the Complaint consisting of 292 paragraphs, asserting fourteen (14) separate claims against eighteen (18) parties (nine natural persons and nine artificial entities)[1] and describing

---

[1] Five of the nine natural persons named as Defendants (Marina Ayzenberg, Joseph Ayzenberg, Lena Polnet, Larissa Labed and Andrew Nechiporenko, a/k/a Andrew Polnet) are relatives of the Debtor and are referred to collectively in the Complaint as "the Polichuk Family Group." I will follow the same convention.

Also, I note that the Complaint refers to one of the defendants as "Larissa Labed," while
(continued...)

more than fifty (50) transactions;

**AND**, the table below summarizing the claims the Trustee has asserted against the various Defendants:

|  | **Nature of Claim** | **Defendants** |
|---|---|---|
| I | Accounting, Repayment of Funds & Imposition of Constructive Trust | (1)   Len Polichuk<br>(2)-(6) Polichuk Family Group<br>(7)   Fox Lake Management, LLC<br>(8)   Metro Developments, LLC<br>(9)   Motostrada, LLC<br>(10) New Century Rehabilitation, LLC<br>(11) Grey Hound Properties, LLC<br>(12) Letterly Realty<br>(13) Steven Kravits<br>(14) Steven Rutaky<br>(15) Dynamic Funding<br>(16) LAML Management, Inc.<br>(17) Fox Lake Realty Limit Partnership<br>(18) Marina Reinsurance |
| II | Preference - §547(b) | (1)   Marina Ayzenberg<br>(2)   Joseph Ayzenberg<br>(3)   Lena Polnet<br>(4)   Dynamic Funding<br>(5)   Grey Hound Prop. LLC<br>(6)   New Century Rehab., LLC<br>(7)   Motostrada, LLC |
| III | Fraudulent Transfer - §§548(a)(1)(A), 550 & 551 | (1)-(5) Polichuk Family Group<br>(6)   Fox Lake Mgmt LLC<br>(7)   Metro Development LLC<br>(8)   Motostrada LLC<br>(9)   New Century Rehab. LLC<br>(10) Grey Hound Prop. LLC<br>(11) Letterly Realty<br>(12) Steven Kravits<br>(13) Steven Rutaky<br>(14) Dynamic Funding |
| IV | Fraudulent Transfer - §§548(a)(1)(B), 550 & 551 | same as Count III |
| V | Fraudulent Transfer - §§544, 550(a), 551, 1107 and 12 Pa. C.S. §5104 | same as Count III |

---

[1](...continued)
her counsel refers to her as "Larissa Lebed," (see Doc #17). Because I consider it more likely that her counsel employed the correct spelling of her name, I refer to her as "Larissa Lebed" in this Order.

Case 10-00031-elf    Doc 61    Filed 11/23/10    Entered 11/23/10 11:10:48    Desc Main
Document      Page 3 of 20

| VI | Fraudulent Transfer - §§544, 550(a), 551, 1107 and 12 Pa. C.S. §5105 | same as Count III |
|---|---|---|
| VII | Civil Conspiracy To Conceal Debtor's Assets | (1)-(5) Polichuk Family Group |
| VIII | Conversion | All Defendants (except Debtor) |
| IX | Unjust Enrichment | All Defendants (except Debtor) |
| X | Turnover of Property of the Estate - §542 | All Defendants |
| XI | Recovery of Property - §550 | All Defendants |
| XII | Violation of the Automatic Stay | (1)  Debtor<br>(2)  Marina Azyenberg |
| XIII | Imposition of Constructive Trust | All Defendants |
| XIV | For Relief Asserted in Other Counts As May Be Determined By The Results of An Accounting | All Defendants |

\* \* \* \*

**AND**, the Debtor having filed a Motion to Dismiss Counts I, X, XI and XIII of the Adversary Complaint ("the Debtor's Motion") pursuant to Fed. R. Civ. P. 12(b)(6) (incorporated in this adversary proceeding by Fed. R. Bankr. P. 7012) on March 24, 2010, (Doc. #16);

**AND**, on March 24, 2010, certain other Defendants ("the Responding Non-Debtor Defendants")[2] having filed a separate Motion to Dismiss the Adversary Complaint ("the Responding Non-Debtor Defendants' Motion") (Doc. # 17), seeking:

(1) a more definite statement pursuant to Fed. R. Civ. P. 12(e) (incorporated in this adversary proceeding by Fed. R. Bankr. P. 7012) ; or, alternatively,

(2) the dismissal of Counts I through VII, IX, XII and XIV for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6);

---

[2]     The Responding Non-Debtor Defendants are Marina Ayzenberg, Joseph Ayzenberg, Metro Development, LLC, Motostrada, LLC, Grey Hound Properties, LLC, Letterly Realty, LLC, Lena Polnet, Larissa Lebed, Andrew Polnet, LAML Management, Inc., Fox Lake Realty Limited Partnership, Dynamic Funding, and Steven Rutaky.

3

(3) dismissal of the claims against defendant Lena Polnet ("Polnet") to the extent they are based on acts that occurred more than four (4) years prior to the petition date and/or that stem from Polnet's involvement with LAML Management, Inc., Dynamic Funding or New Century Rehabilitation;

(4) dismissal of the claims against Defendant Larissa Lebed, to the extent they are based on acts that occurred more than four (4) years prior to the petition date and/or stems from Lebed's involvement with New Century Rehabilitation;

(5) dismissal of the claims against Defendant Steven Rutaky for failure to plead facts that might give rise to liability;

(6) dismissal of the claims against Defendant Andrew Polnet for failure to plead facts that might give rise to liability; and

(7) dismissal of the claims against Defendants Metro Development, Motostrada and Dynamic Funding pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

*   *   *   *

**AND**, Rule 12(e) providing that a court may order that an amended complaint be filed with a more definite statement if the complaint "is so vague or ambiguous that [the defendant] cannot reasonably prepare a response," Fed. R. Civ. P. 12(e);

**AND**, it being appropriate to grant a Rule 12(e) motion only if the pleading is so unintelligible that the court and/or defendant is unable to make out the legal theories, see, e.g., Carpenters Combined Funds v. Klingman, 2010 WL 1007830, at *2 (W.D. Pa. Mar. 15, 2010) (citing Sun Co. v. Badger Design & Constructors, Inc., 939 F. Supp. 365, 368 (E.D. Pa. 1996)); In re Friedman Exp. Inc., 184 B.R. 229 (Bankr. E.D. Pa 1993);

**AND**, consequently, "the class of pleadings that are appropriate subjects for a motion under Rule 12(e) [being] quite small," Charles Alan Wright and Arthur R. Miller, 5C Federal Practice and Procedure §1376, at 311 (3d ed. 2004);

\* \* \* \*

**AND**, in considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepting all factual allegations as true, construing the complaint in the light most favorable to the plaintiff, and determining whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief, e.g., Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008);

**AND**, dismissal under Rule 12(b)(6) being appropriate only if, accepting as true all facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007);

**AND**, while it is not necessary for a plaintiff to provide detailed factual allegations to satisfy the "plausibility" standard, it being necessary that a complaint contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), and factual allegations that are more than speculative, see Phillips, 515 F.3d at 234;

**AND**, in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009), the Court of Appeals having articulated a two-part analysis that should be conducted in evaluating whether a claim may survive a Rule 12(b)(6) motion, in which:

  1. the court separates the factual and legal elements of the claim and accepts only the well-pleaded facts as true, while disregarding any legal conclusions, id. at 210-11; and

  2. the court determines whether the alleged facts demonstrate that the plaintiff has a "plausible" claim for relief, id. at 211 (citing Iqbal, 129 S. Ct. at 1950);[3]

---

[3] A claim is facially plausible where the facts set forth in the complaint allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S. Ct. at
(continued...)

5

**AND**, in evaluating the sufficiency of a complaint against these standards, the court conducting a "context-specific" evaluation, drawing from its "judicial experience and common sense," Iqbal, 129 S. Ct. at 1950;

\* \* \* \*

**AND**, the briefing on the Debtor's Motion and the Responding Non-Debtor Defendants' Motion (collectively, "the Motions") being complete;[4]

**AND**, the court having considered the Debtor's Motion and the Responding Non-Debtor Defendants' Motion, the Trustee's Response thereto and the parties' accompanying memoranda of law;

\* \* \* \*

It is hereby **ORDERED** that:

1. The Motions are **GRANTED IN PART AND DENIED IN PART**.

2. The Responding Non-Debtor Defendants' Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e) is **DENIED**.[5]

3. The Motions are **DENIED** as to **Count I**.[6]

---

[3](...continued)
1949. If the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint is insufficient. Id. at 1950 (citing Fed. R. Civ. P. 8(a)(2)); see also Jones v. ABN Amro Mortg. Group, Inc., 606 F.3d 119, 123 (3d. Cir. 2010). A pleading that offers labels and conclusions or naked assertions is insufficient. Iqbal, 129 S. Ct. at 1949.

[4] The Trustee filed Responses to the Debtor's Motion and to the Responding Non-Debtor Defendants' Motion on April 28, 2010 (Doc. #'s 29, 30). The Debtor and the Responding Non-Debtor Defendants filed Reply Briefs in support of their respective motions on May 24, 2010 (Doc. #'s 41, 42). Finally, the Trustee filed a combined Sur-Reply to the Debtor's Motion and the Responding Non-Debtor Defendants' Motion on June 6, 2010 (Doc. # 46).

4. The Responding Non-Debtor Defendants' Motion is **GRANTED** as to **Count II**, and **Count II is DISMISSED**.[7]

5. Subject to Paragraph 7 below, the Responding Non-Debtor Defendants' Motion is **GRANTED IN PART AND DENIED IN PART** as to **Counts III and IV**. **Counts III and IV are DISMISSED**, but **ONLY TO THE EXTENT** that the claims therein relate to transfers that were not made or incurred within two years before the filing of the Debtor's bankruptcy petition, i.e., on or before January 31, 2006.[8]

6. As to **Counts V and VI**, the Responding Non-Debtor Defendants' Motion is **DENIED**.[9]

7. The Responding Non-Debtor Defendants' Motion is **GRANTED** insofar as it requests dismissal of the **Counts III, IV, V and VI** as to Defendant Dynamic Funding.[10]

8. As to **Count VII**, the Responding Non-Debtor Defendants' Motion is **GRANTED** and **Count VII is DISMISSED**.[11]

9. As to **Count IX** the Responding Non-Debtor Defendants' Motion is **GRANTED** and **Count IX is DISMISSED**.[12]

10. As to **Count X**, the Debtor's Motion is **GRANTED** and **Count X is DISMISSED**.[13]

11. As to **Count XI**, the Debtor's Motion is **DENIED**.[14]

12. As to **Count XII**, the Responding Non-Debtor Defendants' Motion is **DENIED**.[15]

13. As to **Count XIII**, the Debtor's Motion is **DENIED**.[16]

14. As to **Count XIV**, the Responding Non-Debtor Defendants' Motion is **GRANTED**.[17]

15. The Trustee is **GRANTED LEAVE** to file an Amended Complaint **on or before December 14, 2010**.

Date:  <u>November 23, 2010</u>

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

**ENDNOTES**

5.      The standard for granting a motion for a more definite statement has not been satisfied. While the Complaint is complicated, it is intelligible and articulates with sufficient specificity the legal theories underlying the Trustee's claims. Any alleged inadequacies in the statement of the claims are better addressed under Rule 12(b)(6).

6.      At this early stage of the proceeding, I find it unnecessary to analyze whether the request for an accounting or the imposition of a constructive trust is a separate "claim" under Fed. R. Civ. P. 8(a)(2) or instead, as the Debtor and the Responding Non-Debtor Defendants assert, are merely "remedies" to be included in the prayer for relief. See Fed. R. Civ. P. 8(a)(3). For present purposes, the distinction is purely one of form, not substance. Even if the Responding Non-Debtor Defendants are correct, I see no procedural benefit to dismissal of Count I on this basis. See Fed. R. Civ. P. 1 (civil rules "should be construed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding").

   Nor do I consider it appropriate, after considering the detailed allegations of the Complaint to attempt to navigate the murky waters between "law" and "equity" in order to determine whether the equitable relief requested is barred because the Trustee has an adequate remedy at law. See Christie Clinic, P.C. v. Multiplan, Inc., 2008 WL 4615435, at *18 (C.D. Ill. Oct. 15, 2008); see generally Medtronic, Inc. v. Intermedics, Inc., 725 F.2d 440, 443 (7th Cir. 1984) (describing the issues arising from a request for an equitable accounting as "complicated" and citing Dairy Queen v. Wood, 369 U.S. 469 (1962)). I am satisfied that the Complaint describes a fact pattern that states a plausible claim that the Trustee is entitled to relief of the nature described in Count I. The defense may again be considered after further development of

the record.

7.	With respect to all of the Defendants named in Count II, the Complaint fails to state a claim because the allegations that the asserted preferential transfers were on account of an antecedent debt, (a necessary element of the claim, see 11 U.S.C. §547(b)(2)), are stated entirely in a conclusory fashion. The Complaint provides no factual context for the "antecedent debt" allegation. Count II is therefore, subject to dismissal. See, e.g., Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009) (plaintiffs may not "merely parrot the statutory language of the claims that they are pleading"). In light of the absence of factual support for the §547(b)(2) element of the claim and the dismissal of Count II on that basis, I need not determine the precise level of detail required in pleading a claim under 11 U.S.C. §547(b). Compare In re Valley Media, Inc., 288 B.R. 189 (Bankr. D. Del. 2003), with In re C.R. Stone Concrete Contractors, Inc., 434 B.R. 208, 220-21 (Bankr. D. Mass. 2010); In re NM Holdings Co., LLC, 407 B.R. 232, 256 (Bankr. E.D. Mich. 2009).

The Trustee argues against dismissal of Count II by pointing out that she has asserted fraudulent transfer claims and is entitled to plead in the alternative. The Trustee's observations are correct. The problem, however, is not one of alternative pleading. Rather, it is the failure to plead sufficient factual matter to support the preference claim.

The Trustee also asserts, in her responsive brief, that the Debtor has sworn under oath that "certain" transfers were made to family members to repay loans. This argument is unpersuasive for three reasons. First, the place for that allegation is in the Complaint, not a memorandum of law in response to a Rule 12(b)(6) motion. Second, the allegation lacks any specificity regarding the details of the alleged loans. Third, and in any event, it does not provide

10

support for the Trustee's preference claims against the entity-defendants named in Count II.

The dismissal of Count II based on the inadequacy of the pleading is potentially curable and therefore, the Trustee will be granted leave to file an Amended Complaint. In doing so, the Trustee may wish to preempt another Rule 12(b)(6) motion by pleading additional facts to support the §547(b)(3) and (4) elements of her claim. I do not address the adequacy of those allegations at this time. Further, if the Trustee does not replead a claim against any of the Count II Defendants in an Amended Complaint because she lacks a basis to allege facts sufficient to satisfy the pleading requirements of §547(b)(2) and if subsequently, evidence is developed that supports the antecedent debt element of the §547(b) claim, the court will entertain a motion to amend the Complaint under Fed. R. Civ. P. 15 to permit reinstatement of the dismissed §547(b) claim(s).

I also note that, with respect to Defendants Motostrada, LLC ("Motostrada"), New Century Rehab., LLC ("New Century") and Dynamic Funding, the only asserted "transfers" by the Debtor consist of uncompensated services that the Debtor allegedly provided to these entities. The claim against Grey Hound Prop. LLC ("Grey Hound") includes the same allegation but also references a transfer of $25,000.00.

As broad as the definition of transfer under 11 U.S.C. §101(54) may be, a transfer requires that the transferor divestiture of some property or interest in property. Simply put, services are not property and the Trustee has not cited any legal authority suggesting that uncompensated personal services may be monetized and treated as a transfer under 11 U.S.C. §547(b). Perhaps the Trustee's factual allegations support a theory that the Debtor had some type of undisclosed or equitable interest in the entities named in Count II to whom the Debtor provided services. However, the allegations do not support a claim for the avoidance of a

11

transfer under 11 U.S.C. §547(b). Therefore, the Trustee should not reassert her Count II claim against those Defendants based solely on the "uncompensated services" theory.

8.    The Trustee concedes that under 11 U.S.C. §548, she cannot avoid transfers that occurred prior to January 31, 2006. (Trustee's Memorandum of Law at 22-23) (Doc. # 30).

9.    In Counts V and VI, the Trustee invokes 11 U.S.C. §544(b). Section 544(b) allows the bankruptcy trustee to stand in the shoes of an actual creditor and avoid any transfer that is voidable by such actual creditor under applicable nonbankruptcy law. Once the trustee undertakes the avoidance action, any recovery inures to the benefit of all creditors. E.g., In re Victor Intern., Inc., 278 B.R. 67, 84 n.24 (Bankr. D.N.J. 2002); see also In re PWS Holding Corp., 303 F.3d 308, 314 (3d Cir. 2002) ("§544(b) places the debtor in possession in the shoes of its creditors, giving it the right to prosecute individual creditors' fraudulent transfer claims for the benefit of the bankruptcy estate").

Here, based on 11 U.S.C. §544(b), the Trustee alleges that she has the right to avoid various transfers under 12 Pa. C.S. §§5104 and 5105. The Responding Non-Debtor Defendants seek dismissal of Counts V and VI insofar as the Trustee seeks to avoid any transfer that took place prior to January 29, 2006. The Responding Non-Debtor Defendants assert that avoidance of any earlier transaction is barred by the four year "lookback" permitted under 12 Pa.C.S. §5109, which they characterize as a statute of "repose," rather than a statute of "limitation." They measure the four year lookback from the date the Trustee filed the adversary complaint in

12

the bankruptcy court.

There are two flaws in the Responding Non-Debtor Defendants' §5109 argument.

First, to the extent that the four year lookback of §5109 is applicable, the lookback period is measured from January 31, 2008, the date that the order for relief was entered in this bankruptcy case, not January 29, 2010, the date that this adversary proceeding was commenced. "If the state law limitations period governing a fraudulent transfer action has not expired <u>at the commencement of the bankruptcy case</u>, the trustee may bring the action pursuant to section 544(b), provided that it is commenced within the [11 U.S.C. §546(a)] limitations period," which is at least two years after the order for relief.  5 <u>Collier on Bankruptcy</u> ¶546.02[1][b] (Alan N. Resnick, Henry J. Sommer eds., 16th ed. 2010) (emphasis added)  ("Collier").  In other words,

> A trustee has two years to pursue the cause of action if the state law cause of action has not expired and a bankruptcy proceeding has been commenced. Even though the state law cause of action may expire after the filing of the petition, but before the two-year limitation in 546(a), the two-year limit in § 546(a) is applicable.

<u>In re Metropolitan Mortg. & Securities Co., Inc.</u>, 344 B.R. 138, 141 (Bankr. E.D. Wash. 2006). Thus, transfers made on or after January 31, 2004 fall within the four year time period of 12 Pa.C.S. §5109 and the two year period of 11 U.S.C. §546(a) and are subject to avoidance by the Trustee in this proceeding.

Second, the Trustee's Complaint sets forth facts which, if proven, may result in the application of a different, even longer reachback period than the four year period provided in 12 Pa.C.S. § 5109.  Under 11 U.S.C. §544(b), the Trustee may use the statute of limitations available to any actual creditor of the debtor as of the commencement of the case. E.g., <u>In re Greater Southeast Community Hosp. Corp. I</u>, 365 B.R. 293, 301-02 (Bankr. D.D.C. 2006); <u>In re</u>

13

Porras, 312 B.R. 81, 97 (Bankr. W.D. Tex. 2004). Here, the Trustee has alleged that the United States, specifically the Internal Revenue Service ("the IRS"), was an actual creditor of the Debtor at the time the transfers at issue occurred and has pleaded additional facts which, if proven, support the allegation. (See Complaint ¶¶31, 94, 160-63). The IRS has at least a ten year lookback period, see 26 U.S.C. §§6501, 6502, and its rights supersede any statute of limitations under state law. See, e.g., U.S. v. Summerlin, 310 U.S. 414, 416 (1940); United States v. Gleneagles Investment Co., Inc., 565 F.Supp. 556, 583 (M.D. Pa. 1983), aff'd. sub. nom., United States v. Tabor Court Realty Corp, 803 F.2d 1288 (3d Cir. 1986), cert. denied, McClellan Realty Co. v. United States, 483 U.S. 1005 (1987). Because the Trustee may step into the shoes of the IRS, she may seek to avoid transfers that occurred as far back as January 31, 1998.

The Responding Non-Debtor Defendants contend that Summerlin and its progeny are distinguishable because 12 Pa.C.S. §5109 is a statute of repose, not a statute of limitation. However, that argument has been rejected by almost every court that has considered the issue. See Bresson v. C.I.R., 213 F.3d 1173, 1178-79 (9th Cir. 2000); U.S. v. Spence, 242 F.3d 392, at *3 (10th Cir. 2000) (Table); Porras, 312 B.R. at 97. I will follow the apparent judicial consensus on this issue.

The Responding Non-Debtor Defendants raise several other arguments regarding the legal sufficiency of Counts V and VI.

The Responding Non-Debtor Defendants request dismissal of Counts V and VI insofar as the Trustee seeks to avoid transfers of property owned by the Debtor and Marina Ayzenberg as tenants by the entireties. They reason, correctly, that as a general principle under Pennsylvania law, the transfer of entireties property by a husband and wife is **not** a fraud upon the creditors holding claims against only one spouse. See, e.g., C.I.T. Corp. v. Flint, et al., 333 Pa. 350, 356

14

(Pa. 1939). Here, the Trustee has not alleged that an actual creditor held a joint claim against the Debtor and Ms. Ayzenberg as of the commencement of the bankruptcy case. However, the Trustee has alleged sufficient facts to support the legal theory that the Debtor fraudulently transferred individually owned funds into accounts held as tenants by the entireties. (See Complaint ¶¶179-85). The Trustee also has alleged that the entireties estate was severed by the actions of the parties prior to the challenged transfers. (See Complaint ¶¶47-71); see generally Stemniski v. Stemniski, 169 A.2d 51, 53 (Pa. 1961) (in some circumstances, violation of the rules governing entireties property may work a revocation of the estate). In the context of a Rule 12(b)(6) motion to dismiss, the Trustee has alleged facts, with sufficient specificity, to permit these claims to proceed.

      Finally, the Responding Non-Debtor Defendants assert that the Complaint fails to allege sufficient facts to state a claim against particular Defendants: Lena Polnet, Larissa Lebed, Steven Rutaky, Andrew Polnet, Metro Development LLC, Motostrada and Dynamic Funding. With the exception of the allegations against Dynamic Funding, see endnote 10, infra, I conclude that the Complaint identifies, in a manner that is sufficient for pleading purposes, transfers of property from the Debtor to each of these Defendants which the Trustee may avoid. Whether the Trustee can prove that the transfers occurred and are avoidable remains to be seen.

---

10.    The sole allegations against Defendant Dynamic Funding are that it is an entity owned by the Debtor and Defendant Marina Ayzenberg and that the Debtor provided personal services to the entity for which he was not compensated. As stated in endnote 7, the Trustee has failed to state a claim against Defendant Dynamic Funding because there is no allegation that the Debtor

15

transferred any property to that entity. Therefore, Counts III, IV, V and VI will be dismissed as to Defendant Dynamic Funding.

11. In Count VII, the Trustee asserts a claim for civil conspiracy against the Polichuk Family Group, alleging that these Defendants "knowingly agreed to and participated in fraudulent conduct in concert with one another <u>and with the Debtor</u>." (Complaint ¶249) (emphasis added). In particular, the Trustee alleges that these "Defendants <u>and Debtor</u> . . . have . . . been involved in a continuing course of conduct to mislead the Trustee and conceal the Debtor's true assets." (Complaint ¶254) (emphasis added). The Defendants seek dismissal on the ground that the Complaint fails to adequately plead facts supporting all of the elements of the tort of civil conspiracy under Pennsylvania law. The Trustee agrees that the claim arises under Pennsylvania law, but contends that her Complaint is adequate.

I conclude that Count VII fails to state a claim and must be dismissed, but for a threshold reason more fundamental than that expressly argued by the Defendants.

A bankruptcy trustee is authorized to bring only two types of actions against third parties: (1) as successor to the debtor based on claims included in the bankruptcy estate under 11 U.S.C. §541; and (2) under one or more of the trustee's avoidance powers granted by chapter 5 of the Bankruptcy Code. <u>See, e.g.</u>, <u>Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc.</u>, 267 F.3d 340, 356 (3d Cir. 2001). The Trustee has no general authority on behalf of the bankruptcy estate to assert claims that a debtor's creditors may have held against third parties as of the commencement of the case simply because those claims are related in some way to the debtor. <u>See, e.g.</u>, <u>Ahcom, Ltd. v. Smeding</u>, 2010 WL 4117736, at *1 (9th Cir. Oct. 21, 2010); <u>In</u>

16

re Marston, 417 B.R. 766, 771-72 (Bankr. N.D. Ill. 2009); In re Teligent, Inc., 307 B.R. 744, 749 (Bankr. S.D.N.Y. 2004).

Here, the parties agree that the Trustee's claim is derived from state law, not from the Bankruptcy Code. Based on the facts alleged in the Complaint, the Debtor could not have had a cause of action against the Polichuk Family Group based on a civil conspiracy in which he was a co-conspirator. Thus, at the commencement of the bankruptcy case, if such a conspiracy existed, only the creditors of the Debtor had the right to assert the claim; the Debtor did not. It follows that the Trustee lacks any legal authority to assert such a claim. See In re Motorwerks, Inc., 371 B.R. 281, 291 (Bankr. S.D. Ohio 2007) (no provision of the Bankruptcy Code authorizes a bankruptcy trustee "to bring creditors' tort actions under state law such as . . . aiding and abetting claims"); see also In re Parmalat, 383 F. Supp. 2d 587, 594 & n.38 (S.D.N.Y 2005) (a trustee "stands in the shoes of the [debtor] and may assert only claims that the debtor could have asserted at the moment before it entered bankruptcy," rejecting the argument that a trustee is permitted to act for the creditors as a whole where the claim is asserted generally for the benefit of all creditors). Therefore, I will dismiss Count VII.

While it seems doubtful that the flaw in the claim can be remedied by amendment – given the Trustee's theory that the Debtor has been a conscious participant in the alleged wrongdoing of the other Defendants – in an abundance of caution, I will grant the Trustee leave to amend with respect to Count VII.

12.     Count IX is a claim for unjust enrichment which creditors of the Debtor may have had the right to assert as of the commencement of the bankruptcy case. Count IX will be dismissed for the reasons expressed in endnote 11, supra.

13.     "In order to state a claim for turnover of property under [11 U.S.C.] §542, a plaintiff must allege that transfer of the property has already been avoided or that the property is otherwise the undisputed property of the bankruptcy estate." In re Student Finance Corp., 335 B.R. 539, 554 (D. Del. 2005). The Trustee's claims involve the avoidance of as-yet unavoided transfers and, perhaps, other assets. To the extent that the Trustee seeks turnover of property transferred pre-petition and the subject of the Trustee's avoidance claims, the request for turnover is "premature." In re American Home Mortg. Holdings, Inc., 388 B.R. 69, 94 (Bankr. D. Del. 2008). To the extent that the Trustee seeks turnover of any other property, the Complaint does not identify the property at issue with any specificity and any bankruptcy estate ownership claim is in dispute.

14.     The Trustee's §550 claim, set forth in Count XI, survives the Debtor's Motion because the Responding Non-Debtor's Motion to Dismiss the avoidance claims in Count III, IV, V and VI has been denied. I recognize that Counts X and XI are being treated differently insofar as each Count seeks a remedy relating to pre-petition transfers that have not yet been avoided. However, unlike claims under §542, §550 claims are traditionally "brought in tandem" with actions to avoid transfers, see Collier ¶550.02, at 550-5 n.1; see also In re Sia, 349 B.R. 640, 658 (Bankr.

D. Haw. 2006).

15.     Count XII is a claim for violation of the automatic stay. It is based on actions allegedly taken after commencement of the bankruptcy case by Defendant Marina Ayzenberg and the Debtor to settle a fraudulent transfer action that Sergey Naumovsky, a creditor, filed pre-petition. (Complaint ¶¶279-84). The Complaint does not identify the subsection of §362(a) that the Trustee contends the Defendants violated. Because Count XII appears to be based on the legal premise that Naumovsky's claim became property of the bankruptcy estate upon commencement of the case, (see Complaint ¶283), I infer that the Trustee contends that the Debtor and his spouse obtained possession or exercised control over estate property in violation of 11 U.S.C. §362(a)(3).

I have serious doubts about the viability of the claim. It is difficult to conceptualize how Naumovsky's claim that the Debtor fraudulently transferred property pre-petition became property of the estate upon commencement of the case and therefore, why the bankruptcy estate has any interest in it. See endnote 11, supra. However, in their lengthy memorandum of law, the Responding Non-Debtor Defendants do not articulate the reasons why the contend that Count XII should be dismissed and the Debtor did not move for dismissal of this claim. Therefore, I will not dismiss Count XII, but will defer consideration of the legal merits of the claim to a later day.

16.     See endnote 6, supra.

17. Count XIV is titled as a claim "for relief asserted in the other counts as may be determined by the results of the accounting." As such, it is a request for relief based on facts that the Trustee may discover in the future during the course of the litigation. It is not a cognizable cause of action in and of itself and therefore, will be dismissed. To the extent that the Trustee discovers additional transfers that she seeks to avoid, she may seek leave to amend her complaint. See Fed. R. Civ. P. 15.