**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>LEN POLICHUK a/k/a LEONID<br>POLICHUK,<br><br>          Debtor. | Case No. 08-10783-ELF<br><br>Chapter 7<br><br>Honorable Eric L. Frank |
| BONNIE FINKEL, AS CHAPTER 7<br>TRUSTEE OF THE ESTATE OF<br>LEONARD POLICHUK,<br><br>          Plaintiff,<br><br>v.<br><br>LEN POLICHUK, <u>et</u> <u>al.</u>,<br><br>          Defendants. | Adversary No. 10-0031 (ELF) |

**MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS, FOR PAYMENT**
**OF EXPENSES AND SANCTIONS PURSUANT TO FED. R. CIV. P. 37**
**AND FOR OTHER RELATED RELIEF**

Bonnie Finkel, Chapter 7 Trustee of the Estate of Len Polichuk a/k/a Leonid Polichuk

and Plaintiff in the above-captioned adversary proceeding, (the "Trustee"), through her

undersigned counsel, hereby moves for the entry of an Order Compelling Responses to

Discovery Requests Pursuant to Fed. R. Bankr. P. 7037, and in support thereof, avers as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the subject matter of this Motion pursuant to 28

U.S.C. §§ 1334 and 157.  This is a core proceeding pursuant to 11 U.S.C. § 157(b)(2).

**PROCEDURAL BACKGROUND**

2.      The Trustee commenced the above-captioned adversary proceeding by filing a complaint against Debtor and various non-debtor defendants on January 29, 2010 (the "Complaint").

3.      The Trustee filed an amended complaint on January 14, 2011 (the "Amended Complaint").

4.      An answer to the Amended Complaint was filed by certain of the non-debtor defendants[1] (the "Non-Debtor Defendants") on July 21, 2011.

5.      All of the Non-Debtor Defendants are represented by the same counsel.

6.      An answer to the Amended Complaint was filed by the Debtor on July 22, 2011.

7.      On July 28, 2011, the Court entered PRETRIAL ORDER #1 (Docket No. 147), setting forth certain deadlines and a proposed schedule for discovery and other pre-trial matters ("PreTrial Order #1").

8.      Pursuant to PreTrial Order #1, on or before August 18, 2011, "counsel shall have held and concluded the mandatory discovery conference pursuant to Fed. R. Civ. P. 26(f), incorporated into these proceedings by Fed. R. Bankr. P. 7026" and, by September 1, 2011, "should the parties propose a discovery or pretrial schedule that differs from the one below, they shall file with the bankruptcy court a report on discovery, as mandated by Fed. R. Civ. P. 26(f).

9.      Further, PreTrial Order #1 mandated that the parties file a joint statement on mediation on or before August 18, 2011.

10.     On August 18, 2011, the parties filed a Joint Statement Regarding Consent to Mediation (Docket No. 161), wherein the parties consented to mediation and "agreed that

---

[1] The Non-Debtor Defendants, comprised of all of the Defendants in this adversary other than the Debtor and those defendants who defaulted, are Marina Ayzenberg ("Marina"), Joseph Ayzenberg ("Joseph"), Metro Developments, LLC ("Metro"), Motostrada, LLC ('Motostrada"), Grey Hound Properties, LLC ("Grey Hound"), Letterly Realty, LLC ("Letterly"), Lena Polnet ("Lena"), Larissa Lebed ("Larissa"), Andrew Polnet ("Andrew"), LAML Management, Inc. ("LAML"), Fox Lake Realty Limited Partnership ("Fox Lake"), and Steven Rubakh ("Rubakh").

commencing discovery in this case prior to mediation is appropriate, and have agreed to meet and confer at a later date with regard to commencing mediation with Judge Fehling." The Joint Statement placed no limitation on the discovery to be conducted.

11.     On August 25, 2011, Trustee issued non-party subpoenas seeking the production of various documents pursuant to Fed. R. Bankr. P. 9016, incorporating Fed. R. Civ. P. 45, to Nevima, LLC ("Nevima"), Power Sports Factory, Charles Schwab & Co., Inc., and Elena Khlobyslova ("Elena"), and filed notices with regard to the issuance of same (Docket Nos. 162, 163, 164 and 165).  These subpoenas indicated that documents were required to be produced on or before September 14, 2011 at 4:00 p.m.

12.     On September 1, 2011, after having held the required conference under rule 26(f), the parties filed a Joint Report on Discovery pursuant to Fed. R. Civ. P. 26(f) (Docket No. 166), wherein the parties noted their agreement to extend the deadline for propounding initial disclosures under rule 26(a) from September 1, 2011 to October 1, 2011, [2] but otherwise did not agree as to the remainder of the discovery or pretrial schedules.

13.     In the Joint Report on Discovery, Trustee requested entry of an amended PreTrial Order extending the deadlines in PreTrial Order #1 by a period of three (3) months, whereas Debtor and the Non-Debtor Defendants disagreed with such request and stated that "the parties should be held to the discovery schedule established by the Court in its Pre-Trial Order # 1."

14.     On September 2, 2011, Trustee served separate sets of Interrogatories and Requests for Production of Documents on each of Defendants Marina, Joseph and Rubakh ("Trustee's First Interrogatories and Requests for Production") by sending a copy of same to

---

[2] Because October 1, 2011 fell on a weekend, the initial disclosures were actually required to be served by October 3, 2011.  An e-mail from Trustee's counsel confirming this is attached as **Exhibit A.**

3

counsel for Non-Debtor Defendants by U.S. Mail and electronic mail.  Copies of these e-mails are attached hereto as **Exhibit B**.  See also, Docket Nos. 171, 172 and 173.[3]

15.     Pursuant to Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34, made applicable via Federal Rules of Bankruptcy Procedure 7033 and 7034, responses to Trustee's First Interrogatories and Requests for Production were due from Marina, Joseph and Rubakh on or before October 3, 2011.

16.     On September 7, 2011, the Court entered PRE-TRIAL ORDER #2 (Docket No. 177), which established discovery and pre-trial schedule extending the deadlines in PreTrial Order #1 by three months consistent with Trustee's request. ("Pre-Trial Order #2").

17.     On September 7, 2011, the Court entered an Order Appointing Mediator and Assignment of Mediation (Docket No. 176).

18.     On September 14, 2011, Non-Debtor Defendants filed a Motion to Quash Subpoena with regard to the non-party subpoena served on Power Sports Factory (Docket No. 182).

19.     On September 14, 2011, Non-Debtor Defendants filed a Motion to Quash Subpoena with regard to the non-party subpoena served on Elena Khlobyslova (Docket No. 184).

20.     On September 14, 2011, counsel for the Non-Debtor Defendants entered his appearance as counsel for Nevima (Docket No. 186) and filed an objection on behalf of Nevima to the non-party subpoena issued to Nevima (the "Nevima Subpoena") by Trustee (the "Nevima Objection") (Docket No. 187).

21.     In the Nevima Objection, Nevima represents that certain responsive, non-privileged documents will be produced to Trustee pursuant to the Nevima Subpoena.

---

[3] Copies of Trustee's discovery requests are attached as exhibits to Non-Debtor Defendants Motion for Protective Order (Docket No. 205), and are thus not included as exhibits hereto.

22.    To date, no documents have been received by Trustee from Nevima in response to the Nevima Subpoena.[4]

23.    On September 14, 2011, Trustee served separate sets of Interrogatories and Requests for Production of Documents on each of Defendants Lena, Larissa and Andrew ("Trustee's Second Interrogatories and Requests for Production") by sending a copy of same to counsel for Non-Debtor Defendants by U.S. Mail and electronic mail. Copies of these e-mails are attached hereto as **Exhibit C**.  See also, Docket Nos. 188, 189 and 190.

24.    Responses to Trustee's Second Interrogatories and Requests for Production were due from Lena, Larissa and Andrew on or before October 14, 2011.

25.    On September 20, 2011, Trustee issued non-party subpoenas seeking the production of various documents pursuant to Fed. R. Bankr. P. 9016, incorporating Fed. R. Civ. P. 45, to Vadim Shklovsky, Dynamic Funding, Inc. ("Dynamic"), Dynamic Funding Solutions, Inc., and Vitaliy Polyachenko and filed notices with regard to the issuance of same (Docket Nos. 193, 194, 195 and 196).  These subpoenas indicated that documents were required to be produced on or before October 12, 2011.

26.    No documents have been produced in response to any of the subpoenas identified in the preceding paragraph.

27.    On September 29, 2011, counsel for the Non-Debtor Defendants requested an extension of the deadline for providing responses to discovery requests issued to Marina, Joseph and Rubakh.  A copy of the facsimile from counsel is attached hereto as **Exhibit D**.  In this

---

[4] Though Nevima has not produced any documents in response to the Nevima Subpoena, Trustee is not requesting in this Motion that Nevima be compelled to respond, as Trustee is continuing to attempt to resolve the issued raised in the Nevima Objection with counsel for the Non-Debtor Defendants, who is also representing Nevima, without court action.   Trustee expressly reserves the right to request appropriate court action as to Nevima in the event such attempts are unsuccessful.  The above facts regarding Nevima are included in order to ensure the Court is provided with a full history of discovery efforts to date in this case.

request, counsel for Non-Debtor Defendants indicates that he and his clients were preparing responses to Trustee's discovery requests and in no way indicated or requested that discovery be or should be limited to certain issues.

28.     On October 2, 2011, counsel for Trustee, upon request of counsel for the Non-Debtor Defendants, confirmed via e-mail Trustee's agreement to extend the response date for Marina, Joseph and Rubakh to respond to Trustee's First Interrogatories and Requests for Production from October 3, 2011 to October 12, 2011.  A copy of this e-mail is attached as **Exhibit E**.

29.     On October 3, 2011, Trustee served Trustee's Initial Disclosures Pursuant to Federal Rule of Bankruptcy Procedure 7026(a)(1) upon counsel for Debtor and Counsel for the Non-Debtor Defendants, and filed a Notice of Service indicating such (Docket No. 197).

30.     Non-Debtor Defendants did not serve their initial disclosures by October 3, 2011.

31.     Neither Marina, Joseph nor Rubakh served response to Trustee's First Interrogatories and Requests for Production by October 12, 2011 and no such responses have been received by Trustee to date.

32.     Neither Lena, Larissa nor Andrew served responses to Trustee's Second Interrogatories and Requests for Production by October 14, 2011 and no such responses have been received by Trustee to date.

33.     On October 7, 2011, counsel for Trustee sent an e-mail to counsel for Non-Debtor Defendants regarding the subpoena issued to Power Sports Factory and requesting that counsel for Non-Debtor Defendants confer.  A copy of this e-mail is attached hereto as **Exhibit F**.

34.     On October 7, 2011, counsel for Non-Debtor Defendants replied to Trustee's counsel's e-mail attached as Exhibit E, and indicated that he would be available to confer on

Monday (October 10, 2011). A copy of the e-mail from counsel for the Non-Debtor Defendants is attached hereto as **Exhibit G**.

35.     Counsel for Trustee did not speak to counsel for the Non-Debtor Defendants, despite several attempts by counsel for Trustee to contact counsel for Non-Debtor Defendants via telephone.  Attached hereto as **Exhibit H** is a certification of Aaron S. Applebaum, counsel for Trustee, as to the multiple failed attempts to meet and confer with counsel for the Non-Debtor Defendants.

36.     On October 17, 2011, two (2) weeks after the deadline for providing initial disclosures, Non-Debtor Defendants served their initial disclosures[5] pursuant to Federal Rule of Civil Procedure 26(a) and filed a Notice of Service indicating such (Docket No. 200).

37.     On October 17, 2011, counsel for Non-Debtor Defendants, on behalf of Marina, served Defendant's First Set of Requests for Production of Documents to Chapter 7 Trustee, Bonnie Finkel ("Defendant's First Set of Requests"), and filed a notice of service indicating such (Docket No. 201).  Defendant's First Set of Requests contains 157 separate document requests.

38.     On October 18, 2011, counsel for Trustee sent an e-mail to counsel for Non-Debtor Defendants requesting responses to Trustee's discovery requests, and indicating that the responses to such requests were well overdue (the "October 18 E-mail").  A copy of the October 18 E-mail is attached hereto as **Exhibit I**.

39.     In the October 18 E-mail, counsel notes that counsel tried on multiple occasions to contact counsel for the Non-Debtor Defendants via telephone but that such attempts were unsuccessful. See also, Exhibit G.

---

[5] Trustee does not intend by this recitation of facts to accept or agree that service of one set of initial disclosures by all of the defendants represented by counsel for the Non-Debtor Defendants is appropriate pursuant to the discovery rules.  Trustee reserves the right to object to these initial disclosures on these grounds and others as appropriate.

40.     On October 18, 2011, counsel for the Non-Debtor Defendants issued a letter to counsel for Trustee indicating that counsel for Non-Debtor Defendants had "approximately 10,000 pages of documents in regard to the above-referenced matter," which would be made available to Trustee.  A copy of this letter is attached as **Exhibit J**.

41.     The letter attached as Exhibit J makes no reference to Trustee's discovery requests, nor does it indicate from which Defendants the compiled documents were received by counsel for Non-Debtor Defendants.

42.     On October 20, 2011, Non-Debtor Defendants filed a Motion for Protective Order (Docket No. 205).

43.      On October 20, 2011, Dynamic Funding, Inc. filed a Motion of Non-Party Dynamic Funding, Inc. to Quash Subpoena for Lack of Service (Docket No. 208).

44.     On October 20, 2011, counsel for the Non-Debtor Defendants entered his appearance on behalf of Dynamic Funding, Inc. in this adversary proceeding (Docket No. 210).

**RELIEF REQUESTED**

45.     Trustee repeats and re-alleges each and every statement made in paragraphs 1 through 44 as if fully rewritten herein.

**1.**     **Marina, Joseph, Rubakh, Lena, Larissa and Andrew Should be Compelled to Respond to the Interrogatories and Requests for Production served on them, respectively, pursuant to Fed. R. Civ. P. 37 and Fed. R. Bankr. P. 7037**

46.     Rule 37 of the Federal Rules of Civil Procedure applies to this adversary proceeding through Federal Rule of Bankruptcy Procedure 7037.

47.     Rule 37(a)(1) states that "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a

certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

48.    Rule 37(a)(3)(B) states that "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33" or "(iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."

49.    Rule 37(a)(4) states that "For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond."

50.    Trustee properly served interrogatories under Rule 33 and requests for production under Rule 34 to Marina, Joseph, Rubakh, Lena, Larissa and Andrew.

51.    The responses to the interrogatories and requests for production are past due and no responses have been received.

52.    Alternatively, in the event Non-Debtor Defendants assert, and the Court agrees, that the letter from counsel for Non-Debtor Defendants, attached as Exhibit J, constitutes a response in some form to any or all of Trustee's First Interrogatories and Requests for Production or Trustee's Second Interrogatories and Requests for Production, such response is evasive and incomplete and therefore constitutes a failure to disclose, answer or respond pursuant to Rule 37(a)(4).

53.    Pursuant to Rule 37(a)(3)(B), Marina, Joseph, Rubakh, Lena, Larissa and Andrew have failed to answer interrogatories submitted under Rule 33 and have failed to respond to document requests under Rule 34.

54.     Further, Exhibit H, attached, satisfies the requirements in Rule 37(a)(1) that Trustee has, in good faith, attempted to confer with the parties failing to make discovery in an effort to obtain such discovery without court action.

55.     Accordingly, Marina, Joseph, Rubakh, Lena, Larissa and Andrew should be compelled to respond to their respective Interrogatories and Requests for Production.

**2.      The Production Referenced in Exhibit J Fails to Satisfy the Requirements of Rule 34**

56.     As indicated above, on October 18, 2011, counsel for the Non-Debtor Defendants issued a letter in the form attached hereto as Exhibit J, wherein he informed counsel for Trustee that "approximately 10,000 pages of documents" . . . . "are available for your review, inspection and copying in our offices during regular business hours at a mutually convenient date."

57.     Rule 34(b)(2)(B) states that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."

58.     Rule 34(b)(2)(E) states, in relevant part, that "[u]nless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

> (i)      A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

59.     Counsel for the Non-Debtor Defendants' letter attached as Exhibit J blatantly fails to satisfy either the requirements of Rule 34(b)(2)(B) or 34(b)(2)(E)(i) for, at the very least, the following reasons:

a.   In the Motion for Protective Order (at ¶11), the Non-Debtor Defendants describe Exhibit J as making an "informal" response, offering documents from "various" Non-Debtor Defendants which are responsive to "many" of Trustee's requests.  Such evasive language renders any production unreliable.

b.   Exhibit J does not purport to be issued from any particular defendant—as such Trustee has no way of knowing which Defendants, if any, produced the documents.

c.   Exhibit J fails to state, *for each item or category*, that inspection will be permitted or state an objection.

d.   Trustee understands that the Non-Debtor Defendants are offering a "lump" production, which, it appears, is comprised of documents from multiple defendants.  Absent appropriate specification of each producing party and each specific request to which each document corresponds, such a production is improper.

60.    Accordingly, the Court should not allow any informal "lump" or "joint" production of documents as indicated in Exhibit J to constitute a proper response to Trustee's Rule 34 document requests.

**3.**    **Because Marina, Joseph, Rubakh, Lena, Larissa and Andrew Failed to Object or Otherwise Respond Prior to the Deadline, All Such Objections are Deemed Waived**

61.    Rule 33(b)(2) states that, '[t]he responding party must serve its answer and any objections within 30 days after being served with the interrogatories.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."

62.     Rule 33(b)(4) states that "[t]he grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

63.     Rule 34(b)(2)(A) states that "[t]he party to whom the request is directed must respond in writing within 30 days after being served.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the Court.

64.     Although Rule 34 does not contain an automatic waiver provision for untimely objections as found in Rule 33(b)(4) for interrogatories, courts regularly find that a waiver should be implied.  See, e.g., Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 187 F.R.D. 528, 529 (E.D. Pa. 1999); Puricelli v. Borough of Morrisville, 136 F.R.D. 393, 396 (E.D. Pa. 1991); Moore's Federal Practice 3d, § 34.13; see also, Scaturro v. Warren & Sweat Mfg. Co., 160 F.R.D. 44, 46 (M.D. PA. 1995) (noting that Fed. R. Civ. P. 34 only permits, but does not require, finding waiver if timely objection not made).

65.     Interrogatories were properly served on Marina, Joseph and Rubakh on September 2, 2011 to which responses were required to be served by October 3, 2011, which date was extended by agreement, to October 12, 2011.

66.     As no responses were received from Marina, Joseph or Rubakh by October 12, 2011, Marina, Joseph and Rubakh should be deemed to have waived any objection as not having been timely raised pursuant to Rule 33(b)(4).

67.     Interrogatories were properly served on Lena, Larissa and Andrew on September 14, 2011.  Accordingly, responses to these interrogatories were required to be served by October 14, 2011.

68.     Non-Debtor Defendant's October 18, 2011 letter in no way responds to Trustee's Interrogatories served on each Defendant with separate answers to each question and signatures under oath as required by Fed. R. Civ. P. 33(b), or by detailed specification of business records (as to any Interrogatory so answerable) as required by Fed. R. Civ. P. 33(d).

69.     As no responses were received from Lena, Larissa or Andrew by October 14, 2011, Lena, Larissa and Andrew should be deemed to have waived any objection as not having been timely raised pursuant to Rule 33(b)(4).

70.     Requests for production were served on Marina, Joseph and Rubakh on September 2, 2011, to which responses were required to be served by October 3, 2011, which date was extended by agreement to October 12, 2011.

71.     As no responses were received from Marina, Joseph or Rubakh by October 12, 2011, Marina, Joseph and Rubakh should be deemed to have waived any objection as not having been timely raised.

72.     Requests for production were served on Lena, Larissa and Andrew on September 14, 2011, to which responses were required to be served by October 14, 2011.

73.     As no responses were received fro Lena, Larissa or Andrew by October 14, 2011, Lena, Larissa and Andrew should be deemed to have waived any objection as not have having been timely raised.

74.     Accordingly, the Court should determine that any and all objections to the discovery requests served on Marina, Joseph, Rubakh, Lena, Larissa and Andrew under Rules 33 and 34 should be deemed waived as not timely raised.

**<u>4.</u>      <u>Discovery in this Adversary Proceeding should not be Delayed Pursuant to the Arguments Asserted in the Motion for Protective Order</u>**

75.     In the Motion for Protective Order, "the Non-Debtor Defendants submit that initial discovery should focus on issues specific to the Trustee's tax liability claims" and that "Non-Debtor Defendants should be spared the burden and expense of having to formally respond to hundreds of document requests and interrogatories."

76.     To the extent Trustee understands the position of the Non-Debtor Defendants in the Motion for Protective Order, it appears the Non-Debtor Defendants are now asking that the Court completely modify the discovery schedule to provide for a form of bifurcated discovery, to first permit discovery **_only_** as to what the Non-Debtor Defendants identify as a "threshold matter in this case: Debtor's tax liability."

77.     Counsel for Trustee, Debtor and the Non-Debtor Defendants met and conferred, pursuant to Rule 26(f), prior to commencing discovery in this case.  At no time during that discovery conference did counsel for the Non-Debtor Defendants indicate or request that discovery be somehow bifurcated as indicated in the Motion for Protective Order.

78.     Furthermore, it is improper for the Non-Debtor Defendants, who stated in the 26(f) report that "the parties should be held to the discovery schedule established by the Court in its Pre-Trial Order # 1," to now assert their wish to completely modify the discovery schedule as indicated in their Motion.

79.     Trustee also notes the inherent irony in Non-Debtor Defendants' assertion that "Non-Debtor Defendants should be spared the burden and expense of having to formally respond to hundreds of document requests and interrogatories."  Non-Debtor Defendants could have raised this issue during the 26(f) conference, in the joint 26(f) report, or any time **_before_** Trustee incurred the "burden and expense" of preparing and serving its discovery requests in this case, as

14

well as the "burden and expense" of counsel's multiple attempts to obtain production in

accordance with the rules and the burden and expense of making this motion.

80.     Trustee asserts that this is simply one more poorly veiled attempt by the Non-

Debtor Defendants to delay any progress in this adversary matter, and to otherwise hinder

Trustee's attempts to recover estate assets.

81.     Notwithstanding the foregoing, and without waiver of Trustee's right and ability

to file a formal response and objection to the Motion for Protective Order, Trustee also notes that

the underlying premise in the Motion for Protective Order is erroneous in that the Debtor's tax

liability is not a "threshold matter," as has been expressly found by the District Court in response

to the Non-Debtor Defendants attempt to appeal this Court's order on their Motion to Dismiss

the Complaint.

82.     Specifically, the Non-Debtor Defendants sought leave to appeal this Court's

Order of November 23, 2010 based on the exact same argument as that presented in the Motion

for Protective Order:  that the issue of the Debtor's tax liability somehow presents a threshold

matter.

83.     However, in its Memorandum explaining it's decision to deny the Non-Debtor

Defendants leave to appeal, the District Court noted that "The Bankruptcy Judge did not address

the Trustee's alternative arguments for extending the typical four-year period in which fraudulent

transfer claims can be filed," and ultimately concluded that:

> it is doubtful that resolution of the particular issue the bankruptcy
> defendants seek to place before this Court will resolve the claims
> to which it is related.  As noted above, the Trustee has alleged
> several more alternative theories under which she would be
> allowed to recover for transfers made more than four year before
> the filing of the bankruptcy petition even if she is unable to make
> use of the IRS's expanded statute of limitations.  The Bankruptcy
> Court has yet to address whether the trustee has adequately pleaded

> her claims under these theories.   If presented with that issue, the
> Bankruptcy Court would have to determine, <u>inter alia</u>, whether the
> Complaint contains sufficient factual allegations relating to the
> bankruptcy efforts to conceal the transfers at issue from creditors
> to warrant extending the four-year statute of limitations . . . . Thus,
> resolution of the IRS issue by this Court would fail to narrow the
> claims in this case.

<u>See</u>, Memorandum, June 8, 2011 (Finkel v. Polichuk, Case No. 2:10-mc-00219-JD, docket No.

13).  A copy of the Memorandum, as well as the Order denying the Non-Debtor Defendants

leave to appeal, is attached hereto as **<u>Exhibit K</u>**.

84.    As stated by the District Court, the issue of the Debtor's tax liability is only one

of the arguments set forth by the Trustee in support of her position that transfers dated more than

four years prior to the petition date can be avoided in this case, and as such, this is **_not_** a

threshold issue in this case.

85.    Accordingly, the arguments set forth in the Motion for Protective Order are

without merit, and should not prevent this Court from compelling the Non-Debtor Defendants to

fully and properly respond to the Trustee's discovery requests as requested herein.

86.    Further, to the extent the Motion for Protective Order in some way is intended by

the Non-Debtor Defendants to serve as some form of informal objection to any of the discovery

requests issued to any of the myriad parties represented by counsel for the Non-Debtor

Defendants, these requests should be denied as both untimely and waived.

87.    Accordingly, the Trustee requests that the Court enter an Order finding that the

arguments presented in the Motion for Protective Order do not constitute a basis for delaying

discovery in this case.

**<u>5.</u>**      **<u>The Non-Debtor Defendants should be Compelled to Produce Individual, Specific
Responses to Trustee's Discovery Requests</u>**

88.     Trustee also requests that the Court's Order compelling responses to Trustee's discovery requests include a directive to counsel for the Non-Debtor Defendants to provide proper and full response to each request, and that the Non-Debtor Defendants and the other parties represented by counsel for the Non-Defendants not be permitted to serve "lump" or "joint" responses to Trustee's discovery requests.

89.     The Non-Debtor Defendants have continuously treated themselves as one amorphous entity, and have failed to properly plead as individual defendants throughout this adversary case.  While such pleading may be appropriate in some limited circumstances, the ease and convenience of the Non-Debtor Defendants cannot be permitted to trump proper procedure.

90.     For example, the Non-Debtor Defendants filed one, joint Answer to the Amended Complaint.  A close review of this Answer creates strong suspicion on behalf of Trustee whether all of the defendants on whose behalf such answer was filed properly responded to each factual allegation contained therein.  For example, while it may be reasonable to conclude that LAML or Motostrada lacks information regarding Joseph's prior earning history (paragraph 36 of the Amended Complaint), it is not credible that Joseph can plead as to his own earnings history: "After reasonable investigation, the Non-Debtor Defendants lack sufficient knowledge or information with regard to the allegations in this paragraph."  (Answer, Docket No. 145, at ¶ 36). Similar unbelievable denials for lack of information (and upon "reasonable investigation") are contained in paragraphs 37 , 38 and 39 (as to the allegation concerning Lena).

91.     This type of general response on behalf of the Non-Debtor Defendants is improper and will only increase the amount of discovery needed to be taken by Trustee to establish the underlying allegations in the Amended Complaint.

92.     Similarly, the Court should not permit the Non-Debtor Defendants (together and/or with other persons and entities represented by counsel for the Non-Debtor Defendants) to provide such general responses to Trustee's discovery requests for a multitude of reasons.

93.     First, such general responses are completely at odds with the response requirements in Rules 33 and 34 as stated above, which require specific responses to each particular request.

94.     Second, in order to take effective depositions of the parties in this case, Trustee needs to able to know from whom each document production was made.  Simply providing a large amount of documents with the proviso "produced from all Non-Debtor Defendants," is inappropriate and will only serve to delay and extend discovery.  Again, Trustee notes that it was the Non-Debtor Defendants who ***opposed*** extending the discovery schedule in this case, but it is their actions which are making it more and more difficult for the Trustee to obtain meaningful discovery to proceed with this action. As noted above, counsel for Non-Debtor Defendants has come to represent nearly all the parties served with subpoenas and has moved to quash nearly all served subpoenas, and has filed objections to the Nevima Subpoena to which no documents were produced.

95.     Third, and finally, the transfers sought to be avoided in the Amended Complaint are specific to certain Defendants.  In order to ensure that Trustee is obtaining all proper responsive documents to her discovery requests, there must be assurance that each Defendant is producing everything in their possession and identifying requests as to which no production is made.  A massive, general response does not satisfy this concern.  In Defendant's First Set of Requests, Defendant asks Trustee to certify under penalty that she has "provided all documents in my possession or over which I am able to gain possession and which are responsive to the

18

foregoing requests for production," yet Non-Debtor Defendants have refused to produce even the responsive documents, much less this certification which they regard as appropriate.

96.     Accordingly, Trustee requests that the order compelling responses to Trustee's discovery requests mandate that proper, individualized and specific responses to all requests be provided.

**6.      The Non-Debtor Defendants and their Counsel should be Required to Pay the Trustee's Reasonable Expenses Incurred in Making this Motion, including Attorney's Fees.**

97.     Rule 37(a)(5) states that, with regard to a motion to compel discovery, "If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's expenses in making the motion, including attorney's fees."

98.     Rule 37(a)(5) provides that the court must not order this payment only if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

99.     The Court should require Non-Debtor Defendants or their Counsel to pay Trustee's expenses incurred in bringing this motion because none of the exceptions in Rule 37(a)(5)(i), (ii) or (iii) are applicable.

100.     As stated herein and as set forth more fully in the attached Certification (Exhibit H), counsel for Trustee attempted, multiple times and in good faith, to obtain the requested discovery without court action.   The only result of these attempts were an offer of 10,000 pages of documents, with no formal responses to any of Trustee's discovery requests, without

identifying who was producing the documents being offered, and otherwise not in accordance

with the Rules of Civil Procedure as outlined herein.  Trustee has satisfied her obligations to

attempt to resolve this in good faith, and was stymied in these attempts by the lack of

responsiveness of counsel for the Non-Debtor Defendants, as well as counsel's unwillingness to

treat the Defendants in this case on an individual basis.

101.   The Non-Debtor Defendants failure to properly respond was in no way

"substantially justified."  First, no official responses or objections to the discovery requests were

issued, and as such, any basis for non-response, which must be set forth as on objection in

compliance with Rules 33 and 34, are waived as untimely as set forth herein.  Further, to the

extent the Non-Debtor Defendants may try to now assert that their complete failure to comply

with Trustee's Discovery Requests is justified based on the reasoning in the Motion for

Protective Order, such arguments fall flat for the reasons set forth herein, in addition to the fact

that the Motion for Protective Order was, likewise, untimely filed.

102.   Finally, there are no "other circumstances" which would "make an award of

expenses unjust."  Instead, the contrary is true.  The Trustee is compelled to file this Motion

because of the lack of responsiveness and professionalism of the Non-Debtor Defendants and

their counsel.  Their behavior regarding discovery is simply further evidence of their ultimate

strategy—delay at all costs, and without complete impunity to the Court and the Trustee.

103.   Accordingly, Non-Debtor Defendants and their counsel should pay Trustee's

expenses in making this Motion.

**7.      Marina, Joseph, Rubakh, Lena, Larissa and Andrew should be Sanctioned for
Failure to Serve Answers to Interrogatories and Respond to Document Requests**

104.   Rule 37(d)(1)(A) states that "The court where the action is pending may, on

motion, order sanctions if: . . . (ii) party, after being properly served with interrogatories under

Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

105.    Marina, Joseph, Rubakh, Lena, Larissa and Andrew were all properly served with discovery requests under Rules 33 and 34.

106.    Marina, Joseph, Rubakh, Lena, Larissa and Andrew have all failed to serve answers, objections or written responses to Trustee's discovery requests under Rules 33 and 34.

107.    The certification attached hereto as Exhibit H, satisfies the requirement of Rule 37(d)(1)(B) that a motion for sanctions include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

108.    Further, Trustee asserts that Marina, Joseph, Rubakh, Lena, Larissa and Andrew's failure to respond is not excused on the basis of their pending Motion for a Protective Order, as such Motion was filed well after the responses to Trustee's discovery requests were due as set forth herein.

109.    Accordingly, Trustee requests that the Court order that Marina, Joseph, Rubakh, Lena, Larissa and Andrew be sanctioned for their inexcusable failure to respond to Interrogatories and Requests for Production under Rules 33 and 34.

WHEREFORE, Trustee requests entry of an Order **compelling** Marina, Joseph, Rubakh, Lena, Larissa and Andrew to respond to their respective Interrogatories and Requests for Production, **ordering** that the "lump" or "joint" production of documents as indicated in Exhibit J shall not constitute a proper response to Trustee's Rule 34 document requests, **ordering** that any and all objections to the discovery requests served on Marina, Joseph, Rubakh, Lena, Larissa and Andrew under Rules 33 and 34 should be deemed waived as not timely raised, **ordering** that

the arguments presented in the Motion for Protective Order do not constitute a basis for delaying

discovery in this case, **ordering** that proper, individualized and specific responses to all

discovery requests be provided, **ordering** Non-Debtor Defendants and their counsel to pay

Trustee's expenses in making this Motion, and **ordering** that Marina, Joseph, Rubakh, Lena,

Larissa and Andrew be sanctioned for their inexcusable failure to respond to Interrogatories and

Requests for Production under Rules 33 and 34.


Respectfully Submitted
 **McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP**


Dated: October 25, 2011                    By:___*s/Aaron S. Applebaum*_____
Gary D. Bressler, Esquire
Aaron S. Applebaum, Esquire
1617 John F. Kennedy Blvd. Suite 1500
Philadelphia, PA 19103-1815
Tel: 215-557-2900
*Counsel to the Chapter 7 Trustee*


Michael S. Waters, Esquire
McELROY, DEUTSCH MULVANEY &
CARPENTER LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
Phone: (973) 622-7711
Facsimile: (973) 622-5314
*Of Counsel to the Chapter 7 Trustee*