**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>LEN POLICHUK a/k/a LEONID POLICHUK,<br><br>                Debtor. | Case No. 08-10783-ELF<br><br>Chapter 7<br><br>Honorable Eric L. Frank |
| BONNIE FINKEL, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF LEONARD POLICHUK,<br><br>                Plaintiff,<br><br>v.<br><br>LEN POLICHUK, et al.,<br><br>                Defendants. | Adversary No. 10-0031 (ELF) |

**MOTION TO (1) COMPEL PRINCETON HOUSE BEHAVIORAL CENTER TO PRODUCE ANY AND ALL DOCUMENTS OR RECORDS REGARDING TREATMENT OF OR SERVICES PROVIDED TO LEN POLICHUK A/K/A LEONID POLICHUK IN 2003; (2) COMPEL LEN POLICHUK TO COMPLETE HIS DEPOSITION TESTIMONY; AND (3) EXTEND ALL REMAINING DISCOVERY DEADLINES AND OTHER DATES BY 30 DAYS**

      Bonnie Finkel, Chapter 7 Trustee (the "Trustee") for the Estate of Len Polichuk a/k/a Leonid Polichuk (the "Debtor"), and Plaintiff in the above-captioned adversary proceeding, by and through her counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, hereby moves for the entry of an Order (1) Compelling Princeton House Behavioral Health Center to Produce Any and All Documents or Records Regarding Treatment of or Services Provided to the Defendant; (2) Compelling Len Polichuk to Complete His Deposition Testimony;  and (3) Extend All Remaining Discovery Deadlines and Other Dates by 30 Days (the "Motion"), and in support thereof states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 11 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought in this Motion are Rules 7026 and 9016 of the Federal Rules of Bankruptcy Procedure.

## PRINCETON HOUSE BEHAVIORAL CENTER

**A.** **Background**

1. On January 31, 2008, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code bearing case number 08-10783-ELF (the "Petition").

3. On February 6, 2008, Bonnie Finkel was appointed to serve as interim Chapter 7 Trustee, and thereafter became the permanent Chapter 7 Trustee for the estate.

4. The Trustee filed her *Complaint Of The Trustee Seeking Relief Under Sections 502, 547, 548, 550, And 544 of Title 11 Of The United States Code and Rules 3007 and 7001 Of The Federal Rules of Bankruptcy Procedure* on January 10, 2010 seeking, among other things, to avoid certain fraudulent and preferential transfers made by the Debtor prior to his filing of the Petition.

5. On October 8, 2008, during a deposition relating to the Debtor's Petition, the Defendant Marina Ayzenberg (individually, "Defendant," and together with the Debtor, "Defendants") strongly implied that she oversaw the family expenses during the years at issue

because the Debtor was mentally incapable of doing so. Ayzenberg Dep. 47:15-22, October 8, 2008. A true and accurate copy of the October 8, 2008 deposition, in relevant part, is attached hereto as **Exhibit A**.

6.  On April 23, 2009, during a deposition for DeAngelis v. Polichuk, an adversary relating to the Debtor's Petition with case number bearing 08-00336-ELF, the Defendant again discussed the Debtor's mental health issues: "Len at the time was tied to – money was in business and he kept draining family money into it with no guaranty [sic] of them ever coming back and I wanted to put a stop to it. He was not mentally stable and I knew that Serge, who was his partner at the time, could talk him into putting money into the company and I didn't want that to happen. And the decision was made that he would no longer have access to the money." Ayzenberg Dep. 110:21 – 111:4, April 23, 2009. A true and accurate copy of the April 23, 2009 deposition, in relevant part, is attached hereto as **Exhibit B**.

7.  In the Debtor's June 23, 2009 deposition, he discussed his mental health issues: "After 2003 when I had the breakdown, me and my wife jointly decided that I'm not going to have access to any active daily operation which involves decision-making and stuff. So I was helping my wife and sister." Polichuk Dep. 142:17 – 22; June 23, 2009. In clarifying his previous statement, the Debtor stated: "When -- I told you, when I had the problem, the mental problem, me and my wife, since whatever happened had major impact on everybody else, including my wife, my sister, my father-in-law, so we decided that I'm going to -- not going to take any active approach to any business." Polichuk Dep. 143:8 – 15. A true and accurate copy of the Debtor's June 23, 2009 deposition, in relevant part, is attached hereto as **Exhibit C**.

8.  In the Debtor's supplemental responses to the Trustee's first set of interrogatories, the Debtor advised that he had been treated at the Princeton Behavioral Health

3

Center located in Princeton, New Jersey (the "Facility"). Debtor's Supp. Resp. to Trustee's Interrog. #1. A true and accurate copy of the Debtor's Supplemental Response to the Trustee's First Set of Interrogatories is attached hereto as **Exhibit D**.

9. On September 28, 2012, the Trustee served a Non-Party Subpoena upon the Facility seeking any and all documents or records regarding treatment of or any services provided to the Debtor in 2003. A true and accurate copy of the subpoena is attached hereto as **Exhibit E**.

10. In a letter dated October 2, 2012, Princeton Behavioral Health Center responded to the Trustee's subpoena stating that is would not release any documents or records pertaining to the Defendant without written authorization (the "HIPAA Waiver") from the Debtor. A true and accurate copy of the letter is attached hereto as **Exhibit F**.

11. On November 12, 2012, Trustee's counsel, in an effort to avoid further litigation in this matter, wrote to the Debtor requesting that he sign the HIPAA Waiver. A true and accurate copy of the letter is attached hereto as **Exhibit G**.

12. On December 28, 2012, after the Debtor failed to respond to her first request, Trustee's counsel wrote to the Debtor a second time requesting that he sign and return the HIPAA Waiver by January 3, 2013. A true and accurate copy of the second letter is attached hereto as **Exhibit H**.

13. On December 28, 2012, the Debtor responded to the Trustee's second letter by email stating: "I refuse to sign such waiver[.]" A true and accurate copy of the Debtor's email response is attached hereto as **Exhibit I**

14. Because the Defendants have put his treatment at the Facility at issue in this case, the Trustee seeks information relating to the Debtor's medical treatment at the Facility.

15. The facts and communications described above and attached hereto display the Trustee's consistent efforts to work with the Debtor and avoid having to resort to court intervention to obtain documents and records related to Defendant's medical treatment at the Facility.

**B.  Relief Requested**

16. By this Motion, the Trustee seeks entry of the attached form of Order compelling the Facility to produce any and all documents or records regarding treatment of or services provided to the Defendant in 2003.

17. In the alternative, the Trustee seeks entry of the attached from of Order compelling the Debtor to sign the HIPAA Waiver provided to him by Trustee's counsel. A copy of the HIPAA Waiver is attached thereto as Exhibit A.

**C.  Basis for Relief**

18. HIPAA regulations permit the release of a person's otherwise private medical and mental health information if such information is at issue in the instant case. See Furey v. Wolfe, CIV.A. 10-1820, 2012 WL 877115, *2 (E.D. Pa. Mar. 15, 2012) ("[o]ne way that the patient waives the privilege is by putting his mental condition into issue in the case…allowing a plaintiff to hide behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice.") (internal citations and quotations); see generally McKinney v. Delaware County Mem'l Hosp., CIV A 08-1054, 2009 WL 750181, *2 (E.D. Pa. Mar. 20, 2009).

19. Because the Defendants has put his treatment at the Facility at issue in this case, the Facility refuses to produce the Defendant's medical records and/or any documents relating to the Debtor, and the Debtor refuses to sign the HIPAA waiver, a court order is necessary in

5

this case so that the Trustee may obtain information related to the Defendant's treatment at the Facility

20. Further, this Court should not allow the Defendants to put at issue the Debtor's treatment at the Facility without allowing the Trustee to conduct discovery relating to said treatment. Caine v. Burge, 11 C 8996, 2012 WL 6720597, *2 (N.D. Ill. Dec. 27, 2012) ("courts often employ the parlance that one cannot use a privilege as both a shield and a sword") (internal quotations omitted); McKinney, 2009 WL 750181 at *4. Allowing the Defendants to use the Debtor's treatment at the Facility as both a shield and a sword when said treatment is directly at issue "would simply be contrary to the most basic sense of fairness and justice." Premack v. J.C.J. Ogar, Inc., 148 F.R.D. 140, 145 (E.D.Pa.1993).

21. Accordingly, the Trustee has no other recourse but to request that the Court intervene, and thus requests entry of an order, in substantially the form attached hereto, compelling the Facility to produce any and all documents or records regarding treatment of or services provided to the Debtor, or in the alternative, compel the Debtor to sign the HIPAA Waiver provided to him by Trustee's counsel.

## DEPOSITION OF LEN POLICHUK

A.   **Background**

22. On December 17, 2012, this Court ordered the Debtor to appear commencing on January 16, 2013 for a deposition at the offices of McElroy, Deutsch, Mulvaney & Carpenter LLP in Philadelphia, PA and the Trustee to produce expert reports by February 28, 2013.

23. There is an extensive amount of material to be covered in the Debtor's deposition, as is indicated by the allegations of the Amended Complaint, which will require an additional day of testimony. In addition, the first day of the deposition was lengthier because the

Debtor is appearing *pro se*, and issues of spousal and attorney client privilege have to be addressed. For these reasons the deposition could not be completed in one day.

24. On January 23, 2013, the Debtor was requested to return to the offices of McElroy, Deutsch, Mulvaney & Carpenter LLP to complete his deposition, but he refused. Attached hereto as **Exhibit "J"** is a true and accurate copy of a letter to the Debtor citing his refusal to cooperate and another request by counsel to the Trustee seeking the Debtor's cooperation.

25. On the evening of January 29, 2013, the Debtor sent an e-mail to the Trustee's counsel stating that he would appear to complete his deposition the following day. When asked to give alternate dates so that it could be scheduled for all counsel to participate, the Debtor refused, referring only to doctor's appointments. The Debtors statements and conduct indicate that a Court Order will be necessary to insure his return. Attached hereto as **Exhibit "K"** is a true and accurate copy of email exchanges with the Debtor where he refuses to complete his deposition.

### B.   Relief Requested

26. By this Motion, the Trustee seeks entry of the attached form of Order compelling the Debtor, Len Polichuk, to return to the offices of McElroy, Deutsch, Mulvaney & Carpenter, LLP in Philadelphia, PA for a period of one day to complete his deposition, and further extending all remaining discovery deadlines and other dates by 30 days.

27. The deposition of the Debtor is an important deposition in this adversary proceeding and his refusal to cooperate has become problematic.

28. Because the Debtor continues to delay discovery in this case, he has made it impossible for the Trustee to provide a timely expert report as the report will be based, in part, on the Debtor's deposition.

29. Accordingly, the Trustee respectfully requests that each of the discovery deadlines and other dates in this matter be extended by 30 days[1], requiring the Trustee to produce an expert report by March 28, 2013.

WHEREFORE, Trustee requests entry of an Order (1) compelling the Facility to produce any and all documents or records regarding treatment of or services provided to the Debtor in 2003, or in the alternative, compel the Debtor to sign the HIPAA Waiver provided to him by the Trustee's counsel (2) compelling the Debtor, Len Polichuk, to return to the offices of McElroy, Deutsch, Mulvaney & Carpenter, LLP in Philadelphia, PA for a period of one day to complete his deposition, (3) and further extending all remaining discovery deadlines and other dates by 30 days.

Respectfully Submitted,

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Dated: February 5, 2013     By:     /s/ *Aaron S. Applebaum*
Gary D. Bressler
Aaron S. Applebaum
1617 John F. Kennedy Blvd. Suite 1500
Philadelphia, PA 19103-1815
Tel: 215-557-2900
*Counsel to the Chapter 7 Trustee*

---

[1] It should also be noted that first day of Rosh Hashanah falls on the current September 5, 2013 pre-trial date.

8